Gary L. STANLEY, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 3–2618.

United States District Court
N. D. Texas,
Dallas Division.

Sept. 10, 1968.

Sam Kendrick, Dallas, Tex., for petitioner.

Merrill Hartmen, Asst. U. S. Atty., Dallas, Tex., for respondent.

OPINION

HUGHES, District Judge.

This matter arises on a petition for a writ of habeas corpus wherein petitioner asserts that he was not advised of his right to have an attorney appointed to represent him when taken before the U. S. Commissioner and that he has therefore been denied rights guaranteed him by Congress.

Petitioner was arrested on November 1, 1965 and was taken before the U. S. Commissioner who advised him of the charge against him. Bail was set and the petitioner was taken to the Dallas County Jail. He had not been advised of his right to have counsel appointed for him if he could not retain one himself. Approximately three weeks later Petitioner was taken to the U. S. Courthouse where he was asked by an Assist-

ant U. S. Attorney how he planned to plead. Upon stating that he would plead not guilty he was returned to the County Jail without being arraigned.

Around the middle of January—two and one half months after arrest—Petitioner wrote to the U. S. Attorney stating that he would plead guilty. On January 31, 1966, Petitioner was brought before this Court and was advised of his right to have counsel appointed to represent him. The appointment of counsel was waived and Petitioner entered a plea of guilty to an indictment charging a one count Dyer Act violation. He was subsequently sentenced to three years in the penitentiary.

### Right to Counsel

The Court is faced with a rather unique situation inasmuch as Petitioner was arrested after the effective date of 18 U.S.C. § 3006A, which provides for the representation of defendants at every stage of the proceedings from the initial appearance before the United States Commissioner or court through appeal, and before the effective date of the amendment to Rule 5(b) of the Federal Rules of Criminal Procedure which requires the commissioner to "inform the defendant * * * of his right to retain counsel [and] of his right to request the assignment of counsel if he is unable to obtain counsel."

Section 3006A of Title 18, United States Code became law on August 20, 1964 and became effective one year later. This one year grace period was provided by Congress so that the courts could formulate plans for the implementation of 3006A. Federal Rule 5(b) Federal Rules of Criminal Procedure was not amended until February 28, 1966 and was not effective until July 1, 1966. Thus, from August 20, 1965 until July 1, 1966 the courts had not implemented a right created and guaranteed by Congress.

Subsection (b) of the act provides that: "The United States Commissioner or the court *shall* advise the defendant that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel * * * (emphasis supplied)". Subsection (c) further provides that: "A defendant for whom counsel is appointed *shall* be represented at every stage of the proceedings from his initial appearance before the United States Commissioner or court through appeal * * * (emphasis supplied)". Congress had provided petitioner with the right to appointed counsel at a preliminary hearing at the time he was taken before the Commissioner and he had not been advised of that right as required by the act.

### Prejudicial Effect

In Wheeler v. Flood[1] in an action based upon the delay of a preliminary hearing Judge Weinstein at page 197 aptly said:

"Rule 5 preliminary hearings require the government to produce evidence * * *. The defendant is entitled to have counsel present even if he cannot afford to pay an attorney; the government's witnesses are subject to cross-examination; the defendant has the right to present evidence and to subpoena witnesses. [citations.] He may obtain a transcript whether or not he has funds to pay for it."

And at page 198 the Judge continues: " * * * in practice this hearing may provide the defense with the most valuable discovery technique available to him."

The District of Columbia Circuit has handled similar cases in the past due to the provision for appointed counsel in 2 D.C.Code § 2202 which entitles an indigent to assigned counsel to assist

1. 269 F.Supp. 194 (E.D.N.Y.1967).

him at preliminary hearings. That particular provision was enacted in 1960.[2]

In Dancy v. United States [3] Judge Fahy speaking for the court in discussing remedies for not advising indigents of their right to counsel stated:

"In *Blue* [Blue v. United States, supra note 2] we held for the reasons there stated that neither dismissal of the indictment nor reversal of the conviction, with a new trial permitted, was required in the factual circumstances there presented. * * * It does not follow, however, that since no relief was afforded to Blue himself none should be afforded appellant. In this respect each case must rest upon its own facts."

In the instant case an indigent defendant was arrested and taken before a United States Commissioner. He was not warned of his right to have counsel appointed for him at that hearing. Petitioner's spending two and one half months in the county jail could possibly have been lessened or prevented by appointed counsel. Petitioner could have used the preliminary hearing as a discovery device and his attorney could have helped him maintain his plea of not guilty. Taking petitioner to the United States Attorney three weeks after arrest to ascertain his plea and his immediate return to jail upon pleading not guilty was misleading in that petitioner could have very well come to the conclusion that he would get out of the county jail when he pled guilty and not much sooner.

When petitioner appeared before this court for arraignment he had already assured the United States Attorney that he would plead guilty. It seems very difficult to imagine the defendant fully realizing at the arraignment—in spite of the careful warning he was given—that he could still plead not guilty and that he could get an attorney and a jury trial.

It appears that Petitioner was denied a right to counsel provided him by Congress. As in the *Dancy* case, supra at page 77:

The question remains, however, as it did in *Blue* [v. United States] whether now, after he has been indicted, tried, and convicted, there is any appropriate remedy for the deprivation referred to."

The Court continued at page 78 to address itself to this analogous situation when it said:

"Congress had given defendants the right to counsel which Dancy was not given the opportunity to enjoy. There was a failure by the public authority, the Commissioner, to follow the law enacted by Congress. It accordingly becomes the duty of this court, since its jurisdiction of the case is properly invoked, to do what can reasonably be done to correct a situation which has prejudicially affected one whose important right has not been accorded. However unintentional the failure to accord it may have been, the effect upon the accused is the same as if the failure had been intentional.

We cannot directly rectify the matter now; that is, we cannot obtain counsel at the preliminary hearing which has already occurred. Yet if no remedy is available the Act of Congress can be disregarded and set at naught with impunity. * * * Disregard of his right to counsel does not require that he be absolved of the charges. A balanced solution we think is to grant a new trial * * *."

In the light of the above it is the opinion of the court that the order entered on February 9, 1966 sentencing the Petitioner to three years in the penitentiary shall be vacated and a new trial granted. In the absence of such hearing within ninety days the Petitioner shall be discharged.

2. See, Blue v. United States, 119 U.S.App. D.C. 315, 342 F.2d 894, 896–897 and n. 3 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965).

3. 124 U.S.App.D.C. 58, 361 F.2d 75 (D.C. Cir.1966).